# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 5, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | UNPUBLISHED | |
| KRISTINA GARRISON,           * | | |
|                              * | No. 14-762V | |
|         Petitioner,          * | | |
| v.                           * | Special Master Gowen | |
|                              * | | |
| SECRETARY OF HEALTH          * | Decision on Damages; | |
| AND HUMAN SERVICES,          * | Trivalent Influenza Vaccine; | |
|                              * | Narcolepsy; Cataplexy; Hypocretin. | |
|         Respondent.          * | | |
| * * * * * * * * * * * * * * * * * * | | |

Curtis R. Webb, Twin Falls, ID, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC for respondent.

### DECISION ON DAMAGES[1]

On August 22, 2014, Kristina Garrison ("petitioner" or "Ms. Garrison") filed a petition pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 *et seq.* (2006) ("Vaccine Act"). Petitioner alleges that as a result of receiving a trivalent influenza ("flu") vaccination on October 28, 2011, she developed narcolepsy and cataplexy. *See* Petition at ¶ 1, 2 (ECF No. 1). Petitioner also alleges that she has, and will continue to suffer, effects of her narcolepsy and cataplexy. *Id.* at ¶ 16.

On April 2, 2015, respondent filed a Rule 4(c) Report and a motion for a ruling on the record, stating that while she "agrees that petitioner's appropriate diagnosis is narcolepsy with cataplexy," she "concludes that there is insufficient scientific evidence to support a causal relationship between the influenza vaccine and narcolepsy (with or without cataplexy)." Respondent's Report ("Resp. Report") (ECF No. 21). Nevertheless, although respondent recommends against compensation in this case, he "will not expend further resources to contest entitlement in this matter." *Id.* Respondent moved for a decision on entitlement based on the record. *Id.* On October 27, 2015, I ruled that petitioner had established entitlement to compensation based on a theory of causation in fact. Ruling on Entitlement (ECF No. 23).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. *Id.* **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** *Id.*

On March 2, 2018, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 96). The Proffer is attached hereto as Exhibit A.

**Consistent with the terms of the Proffer, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

A. **A lump sum payment of $1,017,346.24** (representing compensation for lost past and future earnings ($757,886.00); pain and suffering ($220,973.00); past unreimbursable expenses ($19,450.24); and life care expenses for Year One ($19,037.00)), **in the form of a check payable to petitioner; and**

B. **An amount sufficient to purchase an annuity contract as described in the Proffer, paid to the life insurance company from which the annuity will be purchased.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[2]

**IT IS SO ORDERED.**

<div style="text-align: right">

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

</div>

---

[2] Pursuant to Vaccine Rule 11(a), the entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTINA GARRISON,<br><br>                       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | No. 14-762V<br>Special Master Thomas L. Gowen<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 29, 2015, the Special Master issued a Ruling on Entitlement, concluding that petitioner is entitled to compensation under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), as amended, 42 U.S.C. §§300aa-10 to -34. Respondent proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded the following items of compensation under the Vaccine Act.[1]

**I. Items of Compensation**

    **A. Life Care Items**

The parties engaged life care planners Liz Kattman, BS, MS, and Laura Fox, MSN, BSN, RN, CLCP, to provide an estimation of petitioner's future vaccine injury-related needs.[2] Based

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's October 29, 2015, entitlement decision.

[2] For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's decision dated October 29, 2015, and only pertains to petitioner's narcolepsy with cataplexy and related sequelae.

on the planners evaluations, the parties' have come to a joint consensus regarding appropriate items of care. All items of compensation identified by the parties' life care plan are supported by the evidence, and are illustrated by the chart entitled Summary of Life Care Items, dated January 31, 2018, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

### B.  Lost Earnings

The parties agree that based upon the evidence of record, petitioner will never again be gainfully employed. Therefore, respondent proffers that petitioner should be awarded lost past and future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for petitioner's lost past and future earnings is $757,886.00. This amount reflects that the award for lost future earnings has been reduced to net present value. Petitioner agrees.

### C.  Pain and Suffering

Respondent proffers that petitioner should be awarded $220,973.00 for actual and projected pain, suffering, and emotional distress. *See* 42 U.S.C. § 300aa-15(a)(4). This amount reflects that the award for projected pain and suffering has been reduced to net present value. Petitioner agrees.

### D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $19,450.24. Petitioner agrees.

**E.     Medicaid Lien**

To the best of respondent's knowledge and upon the representation of petitioner, petitioner has never received Medicaid benefits. Accordingly, there is no Medicaid lien.

**F.     Attorneys' Fees and Costs**

This proffer does not address final attorneys' fees and costs. Petitioner is entitled to reasonable attorneys' fees and costs incurred following interim fees and costs awarded by judgment entered on August 22, 2016, to be determined at a later date upon petitioner filing substantiating documentation.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of one-time lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following for all compensation[3] available under 42 U.S.C. § 300aa-15(a).

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

**A.**  A lump sum payment of **$1,017,346.24**, (representing compensation for lost past and future earnings ($757,886.00), pain and suffering ($220,973.00), past unreimbursable expenses ($19,450.24), and life care expenses for Year One ($19,037.00)), in the form of a check payable to petitioner; and

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings and future projected pain and suffering and the parties reserve the right to move the Court for appropriate relief.

3

**B.** An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[5] from which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  Annual totals set forth in the far-right column of the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[4] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

### 1. Growth Rate

Respondent proffers that a six percent (6%) growth rate should be applied to life care items pertaining to insurance coverage, and a four percent (4%) growth rate should be applied to all remaining life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: six percent (6%) compounded annually from the date of judgment for insurance (illustrated in the first column of Tab A), and four percent (4%) compounded annually from the date of judgment for all remaining items.

### 2. Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Petitioner's estate shall provide written notice to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of petitioner's death.

### 3. Guardianship Issues

Petitioner is a legally competent adult, and aforementioned payments will be made directly to petitioner.

### III. Summary of Recommended Payments Following Judgment

A.   Lump Sum paid to petitioner: **$1,017,346.24**

B.   An amount sufficient to purchase the annuity contract described above in section II. B.

C.   Reasonable final attorneys' fees and litigation costs: **TBD**

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

5

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847

DATED: March 2, 2018

**Pet. Kristina Garrison**
**D.O.B. 12/13/1972**

DATE: 01/31/18
TIME: 06:58 PM

**SUMMARY OF LIFE CARE ITEMS - RESPONDENT'S LIFE CARE PLAN dated November 16, 2017 - As Modified January 31, 2018**

| ITEM OF CARE | | Insurance | Medications | Home Services | Transportation | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 6.0% | 4.0% | 4.0% | 4.0% | | |
| AGE | YEAR | | | | | | |
| 46 | 2018 | 2,520.00 | 9,346.00 | 640.00 | 3,103.96 | 19,037 | 19,037 |
| 47 | 2019 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 13,610 | 14,154 |
| 48 | 2020 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 13,610 | 14,721 |
| 49 | 2021 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 13,610 | 15,309 |
| 50 | 2022 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 14,083 |
| 51 | 2023 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 14,646 |
| 52 | 2024 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 15,232 |
| 53 | 2025 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 15,841 |
| 54 | 2026 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 16,475 |
| 55 | 2027 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 17,134 |
| 56 | 2028 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 17,819 |
| 57 | 2029 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 18,532 |
| 58 | 2030 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 19,273 |
| 59 | 2031 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 20,044 |
| 60 | 2032 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 20,846 |
| 61 | 2033 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 21,680 |
| 62 | 2034 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 22,547 |
| 63 | 2035 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 23,449 |
| 64 | 2036 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 24,387 |
| 65 | 2037 | 2,520.00 | 9,346.00 | 0.00 | 31.96 | 12,038 | 25,362 |
| 66 | 2038 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 22,853 |
| 67 | 2039 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 23,767 |
| 68 | 2040 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 24,718 |
| 69 | 2041 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 25,707 |
| 70 | 2042 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 26,735 |
| 71 | 2043 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 27,805 |
| 72 | 2044 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 28,917 |
| 73 | 2045 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 30,073 |
| 74 | 2046 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 31,276 |
| 75 | 2047 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 32,527 |
| 76 | 2048 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 33,829 |
| 77 | 2049 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 35,182 |
| 78 | 2050 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 36,589 |
| 79 | 2051 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 38,052 |
| 80 | 2052 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 39,575 |
| 81 | 2053 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 41,158 |
| 82 | 2054 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 42,804 |
| 83 | 2055 | 912.00 | 9,346.00 | 0.00 | 31.96 | 10,430 | 44,516 |
| | | 66,816 | 355,148 | 640 | 4,286 | 440,213 | 956,653 |
| | | 15.18% | 80.68% | 0.15% | 0.97% | | 100.00% |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*

Garrison RESP LCP dated 11 16 17  REV 4  01 31 18
PAGE 1