# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 3, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| KRISTINA GARRISON, | * | |
| | * | No. 14-762V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * | | |

Curtis R. Webb, Twin Falls, ID, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC for respondent.

### DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On August 22, 2014, Kristina Garrison ("petitioner" or "Ms. Garrison") filed a petition pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that as a result of receiving a trivalent influenza ("flu") vaccination on October 28, 2011, she developed narcolepsy and cataplexy. See Petition at ¶ 1, 2 (ECF No. 1). Petitioner also alleged that she has, and will continue to suffer, effects of her narcolepsy and cataplexy. Id. at ¶ 16.

On October 27, 2015, I ruled that petitioner had established entitlement to compensation based on a theory of causation in fact. Ruling on Entitlement (ECF No. 23). On April 29, 2016, I granted petitioner's motion and awarded interim attorneys' fees and costs in the amount of $69,427.76. Decision on Interim Attorneys' Fees and Costs (the "interim fees decision") (ECF No. 38). Respondent filed a motion for review of the interim fees decision to the U.S. Court of Federal Claims, which was assigned to Judge Kaplan. She denied respondent's motion on August 17, 2016. Order (ECF No. 48). Afterwards, the parties worked to resolve damages. On March 2, 2018, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 96). I

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

issued a decision approving the Proffer on March 5, 2018.  Damages Decision (ECF No. 97).  After the parties filed a joint notice not to seek review (ECF No. 98), the Clerk of the Court entered judgment on the Proffer on March 15, 2018 (ECF No. 99).

On March 22, 2018, petitioner filed a motion for final attorneys' fees and costs.  Petitioner requests $109,024.20 in attorneys' fees and $25,112.02 in attorneys' costs, for a total request of $134,136.22 in attorneys' fees and costs.  Petitioner's ("Pet.") Motion (ECF No. 101).

On March 26, 2018, respondent filed a response to the motion for attorneys' fees and costs.  Respondent's Response (ECF No. 102).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Respondent "respectfully requests that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

Petitioner has not filed a reply.  On May 2, 2018, petitioner filed her signed statement indicating that she did not incur any costs or pay a retainer to counsel with regard to this claim, pursuant to General Order #9.  General Order #9 Statement (ECF No. 104).  Thus, this matter is now ripe for adjudication.

## I. Evaluation of Requested Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation.  § 300aa-15(3)(1).  In this case, petitioner was awarded compensation pursuant to my ruling on entitlement and respondent's proffer of compensation, therefore she is entitled to an award of attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347-48.  In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate.  Id. at 1348.  However, an exception to the forum rule applies where the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum.  Id. at 1349 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In 2015, I formulated a forum rate fee schedule for attorneys with varying levels of experience. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  This decision has been endorsed by all current special masters.  Additionally, this fee schedule is updated for subsequent years and posted on the court's website.[2]

After determining the reasonable hourly rate, a reasonable number of hours expended, and an initial calculation of the fee award, the court may make other upward or downward adjustments based on other specific findings.  Id. at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to both fees and costs.  See Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  Hines v. Sec'y of Health & Human Servs., 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 483 (1991), aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  Wasson, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  Id. at 484 n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983).

**A. Hourly Rates**

   **a. Attorney Curtis Webb**

Petitioner requests that her counsel, Curtis Webb, be awarded forum rates consistent with the interim fees decision.  Pet. Motion at 3, citing Garrison, No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. April 29, 2016).  I and other special masters have made the same determination in other cases.  See, e.g., Quackenbush v. Sec'y of Health & Human Servs., No. 14-1000V, 2016 WL 7233946 (Fed. Cl. Spec. Mstr. Oct. 26, 2016); Hendricks v. Sec'y of Health & Human Servs., No. 15-850V, 2016 WL 8376855 (Fed. Cl. Spec. Mstr. Nov. 9, 2016).  Based on these earlier cases and respondent's lack of objection, I find that forum rates are also appropriate in this instance.  Petitioner contends that Mr. Webb should be compensated at rates of $387.50 per hour for work performed in 2015 (which I awarded in the interim fees decision);

---

[2] See United States Court of Federal Claims, Office of Special Masters – Attorneys' Forum Hourly Rate Schedules, available at http://www.uscfc.uscourts.gov/node/2914.

$401 in 2016; $415 in 2017; and $430.  Id. at 4.  I find that these rates are reasonable for an attorney of Mr. Webb's experience and will be awarded.[3]

### b. Paralegal Alexander Webb

Petitioner also requests fees for Alexander Webb, who began working as a paralegal for his father, Curtis Webb, in March 2015.  He graduated from Utah State University with a Political Science degree in 2016.

In my interim fees decision, I found that it was reasonable to award Alexander Webb $50 per hour for work performed in 2016.  At that time, he was an undergraduate; he had recently begun working for his father; and there was no indication that he had other experience with paralegal-type work.

In the present motion, petitioner again requests $50 per hour for work performed in 2016.  I find that this is reasonable and should be awarded.  Petitioner requests that Alexander Webb receive an increased rate of $100 per hour for work performed in 2018.  I find that this is a reasonable increase, based on Mr. Webb's enhanced experience performing paralegal-type tasks and his graduation from college.  This will be awarded.

### B. Hours Expended

I have reviewed the billing records and invoices submitted with petitioner's motion.  The billing entries reflect the nature of the task performed, the amount of time expended, and the person performing each task.  These appear reasonable and respondent has not raised any objections.  Thus, I find no cause to adjust the hours expended.  They will be awarded in full.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira, 27 Fed. Cl. 29, 34.  Here, petitioner requests reimbursement for retaining a life care planner; obtaining petitioner's medical records, social security earnings information, and tax return; postage; and copies.  These appear reasonable and adequately documented, and respondent has not raised any objections.  Thus, I will award the costs in full.

---

[3] Mr. Webb determined these rates by applying a 3.7% annual growth rate each year.  This 3.7% annual growth rate, derived from the Real Rate Report, has previously been used to determine what increase in an attorney's hourly rate reasonably accounts for inflation.  However, beginning in 2017, special masters have found the Producer Price Index – Office of Lawyers ("PPI-OL") to be a persuasive measure of inflation.  See OSM Attorneys' Forum Hourly Rate Schedules for 2017 and 2018, available at http://www.uscfc.uscourts.gov/node/2914.  While the present motion for attorneys' fees and costs utilizes the 3.7% growth rate to increase Mr. Webb's rates for 2017 and 2018, those requested increased rates do not exceed the increase that would result by using the PPI-OL.  Therefore, I find that they are reasonable and may be awarded.

4

**II.     Conclusion**

**Accordingly, I award a lump sum in the amount of $134,136.22, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Curtis R. Webb.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[4] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

5